Robertson J.
The first assignment of err-or is for the refusal of the Court to give the following instruction, viz:
“ If the jury shall believe from the evidence, that the patent dated the 6th day of May, 1787, from the Commonwealth of Yirginia to Joseph Cole, for 259 acres, under which the plaintiffs claim, was issued after the death of Joseph Cole, the grantee named therein, then said patent is void, and the jury must find for the defendant; unless they believe from the other evidence that the plaintiffs have right'to the land in controversy.”
On behalf of the defendants in error it is insisted, that the bill of exceptions is too imperfect to enable this court to say that the instruction ought to have been given, even if it shall be of opinion that the proposition of law stated in it is correct; because there is nothing to show that it was relevant to the matter in issue.
This objection we think is not well founded. It is true that the bill of exceptions contains no direct recital that the patent referred to had been introduced and relied on by the plaintiffs, or that evidence had. been offered showing, or tending to show that the grantee in the patent was dead at the time it was issued; but the necessary inference from the statements of the bill is that such was the case.
It sufficiently appears, therefore, on the face of the bill of exceptions, that the instruction asked for was relevant and material; so that it ought to have been given if it stated the law. correctly.
To every grant it -is essential that there should be a *61 grantee, as well as a grantor; and the grantee must, when the grant is made, be in esse and capable of receiving; otherwise the grant is void. Comyn's Dig. Tit. Grant, A. B.
It seems to be quite clear, therefore, that a patent for , , , .... land is void, if the patentee is dead at the time it is issued.
In Kentucky a statute was passed in 1792 reciting that “Whereas in some instances grants have been issued in the names of persons who were dead prior to the date of the grant, and cases of the same nature may happen in the future,” and enacting, “ that in all such cases the land shall descend to the heir, heirs or devisees in the same manner as it would do if the grant issued in the life time of the decedent.” Stat. Laws of Ky. p. 779 ; 1 Litt. 160. And it has been held in that State that a patent issued to a dead person prior to this act of 1792, conferred no right until the passage of the act; and that, where in the interval between the issuing of such patent and the passage of the act, a patent had been issued to another, the title of the grantee in the last patent was good against the heir or dew see of the grantee in the prior patent, who was dead when it issued in his favor. Lewis v. McGee, 1 A. K. Marsh. R. 199.
Mo such statute has ever been passed in Virginia.— Section 12, ch. 144 of the Code, p. 582 (which re-enacts the law of February 24th, 1820—acts 1819-20, ch. 28 §2) does not make valid a patent issued to one dead at the time, or give to his heirs and devisees the benefit of it. It manifestly applies to personal contracts and obligations merely, and the remedy given by it is confined to the personal representative. As to patents therefore the rule of the common law is still in force with us.
But it is insisted that, admitting this to be so, yet the instruction ought not to have been given, because a patent cannot, in an action at law, be avoided or defeated by *62 matter dehors: that a patent, being record evidence that a title has passed from the Commonwealth, cannot, as long as it remains in force and is not vacated or anpy some direct proceeding calling in question its validity, be collaterally impeached for any' matter not . , appearing on its race.
There has been much conflict of opinion, and no little contrariety of decision upon the question how far a patent may be impeached, in an action at law, for causes not apparent on its face. The better opinion seems to be that while its validity cannot be questioned in a suit at law, but is impeachable in equity only, for causes anterior to its being issued which render it voidable merely; it may be impeached'at law, for any matter-which makes it absolutely void: as where the State has no title to the thing granted, or where the officer had no authority to issue the grant. Polk's Lessee v. Wendal, 9 Cranch’s R. 87; Same case, 5 Wheat. R. 293; Patterson v. Winn, 11 Wheat. R. 380; Whittington v. Christian, 2 Rand. 353; Warwick v. Norvell, 1 Rob. R. 308.
In the case now under consideration, there was no effort to impeach or set aside a patent. - The design was to show that the paper purporting to be a patent, did not really possess that character. The defence set up was not that a patent relied on by the_ plaintiffs ought to be vacated, but that the paper produced by them, as and for a patent, was in truth no patent—that it was an utter nullity. Of course therefore the rules protecting patents from assault, in a court of law, can have no application. A matter like this is, to use the language of Judge Marshall in Polk's Lessee v. Wendal, “necessarily examinable at law.” Accordingly in the case, already referred to, of Lewis v. McGee, 1 A. K. Marsh. R. 199, the patent was held void in an action of ejectment; there being no suggestion even that it was necessary to *63 resort to a soire facias, or other proceeding, for the pulpóse of vacating it.
The refusal to give the instruction asked for, constitutes error for which the judgment must be. reversed, and the cause remanded for a new trial.. This renders it unnecessary to express an opinion upon any of the other questions in the case, inasmuch as'upon the next trial they may not arise.
The other judges concurred in the opinion of Robertson J.
Judgment Reversed.